IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CELIRIS DE JESUS HERNANDEZ      :     CIVIL ACTION
                                :     NO. 20-3585
              v.                :
                                :
KILOLO KIJAKAZI,                :
Acting Commissioner             :
of Social Security              :

<u>O R D E R</u>

**AND NOW,** this **15ᵗʰ** day of **February, 2022,** it is hereby

**ORDERED** that:

(1)  Plaintiff's objections (ECF No. 24) are

**OVERRULED;**[1]

---

[1]      The Court has carefully considered Plaintiff's objections to Magistrate Judge Lynne Sitarski's Report and Recommendation ("R&R"), as well as the record and the parties' briefs. There is no need to repeat the history or facts of the case as Judge Sitarski's R&R adequately relays that information.

The Court concludes that Judge Sitarski has correctly and sufficiently addressed Plaintiff's arguments and, thus, adopts her R&R. However, the Court will address the issues raised in Plaintiff's objections de novo. <u>Cont'l Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 250 (3d Cir. 1998).

1.    Plaintiff's first two objections involve her contention that Judge Sitarski failed to recognize that the ALJ inaccurately described Plaintiff's activities of daily living when determining: (a) that Plaintiff did not meet or equal a listed impairment; and (b) Plaintiff's residual functional capacity ("RFC"). Specifically, Plaintiff alleges that the ALJ failed to consider that Plaintiff testified that she performs most of these activities while accompanied by a friend. The Court notes that Plaintiff also contrarily stated that she has no friends.

The Court concludes that the ALJ's RFC assessment and

finding that Plaintiff did not meet or equal a listing are
supported by substantial evidence. Regarding his assessment of
Plaintiff's activities of daily living, the ALJ acknowledged
that Plaintiff received help in caring for her children and that
she does not go out alone. Moreover, the ALJ relied not only on
Plaintiff's activities in making these two findings, but on the
medical evidence as well. Finally, the ALJ acknowledged
Plaintiff's limitations in the RFC by restricting her to simple
routine tasks, only short oral instructions, only occasional
changes in the work setting, no interaction with the public, and
only occasional interaction with coworkers. The ALJ also found
that Plaintiff would be off-task five percent of the day and
would require regular breaks. Considered in total, the ALJ
provided adequate support for his assessments. See Jones v.
Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (concluding that an
ALJ's opinion should be "read as a whole").

        Plaintiff also argues that, regardless, Judge Sitarski
erred in agreeing with the ALJ that Plaintiff's activities of
daily living indicated that Plaintiff could work. Judge Sitarski
adequately addressed this argument in the R&R, and the Court
agrees with her assessment that the activities do, in fact,
support the ALJ's determination that Plaintiff could perform
some work.

        2.   Plaintiff next argues that Judge Sitarski did not
address that the ALJ failed to take into account all of the
pertinent medical records in determining that Plaintiff met or
equaled a listing. The ALJ is not required to discuss every
piece of evidence in the record. Hur v. Barnhart, 94 F. App'x
130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ
discuss in its opinion every tidbit of evidence included in the
record."); Phillips v. Barnhart, 91 F. App'x 775, 780 n.7 (3d
Cir. 2004) ("[T]he ALJ's mere failure to cite specific evidence
does not establish that the ALJ failed to consider it."). This
Court agrees with Judge Sitarski that the ALJ's decision
adequately indicates that he did take into account the medical
record and that his decision was based on at least substantial
evidence.

        3.   Finally, Plaintiff argues that Judge Sitarski failed
to recognize that the ALJ should have given more weight to the
records of her treating doctors, which she alleges show more
severe limitations than those adopted by the ALJ. As Judge

(2)   The Court **APPROVES** and **ADOPTS** Magistrate Judge Lynne Sitarski's Report and Recommendation (ECF No. 23);

(3)   Plaintiff's request for review (ECF No. 19) is **DENIED**; and

(4)   The Clerk of Court shall mark this case as **CLOSED.**

**AND IT IS SO ORDERED.**

_/s/ Eduardo C. Robreno_
**EDUARDO C. ROBRENO,     J.**

---

Sitarski noted, Plaintiff's treating physicians did not provide any medical opinions, there are only records of her treatment. The only medical opinion comes from the state agency physician and supports the ALJ's conclusion that Plaintiff could perform some work. As also discussed by Judge Sitarski, it is clear from the ALJ's decision that he did, in fact, review and rely on the treating physicians' medical records. While there may be evidence in the record that could have supported a different outcome, as discussed by Judge Sitarski, "the proper standard of review is not whether any evidence exists that might support Plaintiff's position, but instead, whether substantial evidence supports the ALJ's decision." R&R at 13, ECF No. 23 (citing Stover v. Colvin, No. 12-531, 2013 WL 2446469 at *3, (W.D. Pa. June 5, 2013)).

Because the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.